UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDERSON CARTER,

      Plaintiff,

v.                                                   Case No. 8:13-cv-2137-T-33AEP

BANK OF AMERICA, *et al.*,

      Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Proceeding *pro se*, Plaintiff Anderson Carter ("Carter") filed a "Civil Rights Complaint Form" ("Complaint") alleging purported violations of his rights under the Fourteenth Amendment and a purported violation of the Civil Rights Act of 1964 ("CRA") against Defendant Bank of America and Defendant Jeanie Williams (Dkt. No. 1). Currently before the Court is Carter's Affidavit of Indigency (Dkt. No. 2), which the Court construes as a motion for leave to proceed *in forma pauperis*. Notably, this is the fourth lawsuit initiated by Carter in the last year in the Middle District of Florida, and, in each, he requested to proceed *in forma pauperis*. *See Anderson Carter, et al. v. CVS Pharmacy, et al.*, No. 8:12-cv-2761-T-17MAP (M.D. Fla. filed Dec. 7, 2012); *Anderson Carter v. Walgreens Store #3613, et al.*, No. 8:12-cv-2788-T-35AEP (M.D. Fla. filed Dec. 11, 2012); *Anderson Carter v. Florida Highway Patrol, et al.*, No. 8:13-cv-2135-T-17EAJ (M.D. Fla. filed Aug. 16, 2013). Additionally, in each of the prior lawsuits, Carter alleged that he suffered discrimination at the hands of various individuals and entities. In denying Carter's requests to proceed *in forma pauperis* without prejudice in the three other cases, the

Court set forth the deficiencies with Carter's allegations and allowed Carter leave to amend his complaints to allege a cognizable federal claim and to comply with the Federal Rules of Civil Procedure. In fact, in Carter's case against a CVS pharmacy, Carter received two opportunities to correct the deficiencies with his complaint. *See Anderson Carter, et al. v. CVS Pharmacy*, No. 8:12-cv-2761-T-17MAP (M.D. Fla. filed Dec. 7, 2012) (Dkt. Nos. 9, 15). At this point, Carter has received repeated instruction on the requirements for filing a proper complaint that both states a cognizable federal claim and complies with all the applicable rules, yet Carter continues to set forth deficient allegations and fails to adhere to the requirements of the Federal Rules of Civil Procedure.

In submitting his Complaint in the instant action, Carter essentially contends that he suffered discrimination and harassment when he requested that a bank teller at a Bank of America branch office cash a check written to him by his mother. According to Carter, the bank teller required authorization from a supervisor. The supervisor would not come when the bell rang and then took a long time to come after the teller motioned for the supervisor to assist. When the supervisor arrived, the supervisor informed Carter that authorization from Carter's mother was required due to the amount of the check. After receiving clearance from Carter's mother, the supervisor allegedly refused to cash the check until another teller told him or her to cash it. Carter alleges that he "had past problems with being put under scrutiny for cashing a check that other white customers never encounter" and that these actions constitute harassment (Dkt. No. 1 at 4). To redress the purported discrimination and harassment he endured, Carter requests $500,000 in compensatory damages and preliminary injunctive relief to "stop these practices" by Bank of

2

America.

As Carter is well aware, in considering requests to proceed *in forma pauperis*, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. §1915(a)(1). When an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it *sua sponte* if the Court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Notably, an action is frivolous where the allegations are "clearly baseless," "fanciful," "delusional," or "without arguable merit" either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) ("A claim is frivolous if it is without arguable merit either in law or fact."). Accordingly, where a district court determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories are indisputably meritless, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (*per curiam*).

Further, dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure. *Leonard v. F.B.I.*, 405 Fed. App'x 386, 387 (11th Cir. 2010) (*per curiam*) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). Namely, dismissal for failure to state a claim is appropriate if the facts, as pleaded, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In reviewing the

3

complaint, the Court holds *pro se* pleadings to a less stringent standard and therefore construes the complaint more liberally. *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." (citation omitted)). Although courts afford liberal construction to *pro se* litigants' pleadings, litigants appearing *pro se* must adhere to the procedural requirements of the Federal Rules of Civil Procedure as well as the Local Rules for the Middle District of Florida. *McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (*per curiam*) ("And although we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules." (citation and internal quotation marks omitted)); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

In this instance, Carter's Complaint is deficient for several reasons. To begin, the Complaint fails to comport with Rule 10 of the Federal Rules of Civil Procedure, which requires Carter to state his claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Carter's claims are likewise procedurally deficient under Rule 8. Pursuant to Rule 8, a pleading must state a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for relief sought. Fed. R. Civ. P. 8(a). "Threadbare

recitals of the elements of a cause of action, *supported by mere conclusory statements*, do not suffice." *Iqbal*, 556 U.S. at 678 (emphasis added and citation omitted). The Complaint, as currently proposed, is a rambling narrative that contains only conclusory statements to support Carter's claims against both Defendants and thus fails to meet the pleading standard required under *Iqbal*. *See id.* ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" (internal quotation marks and citation omitted)). Carter merely tells a story and concludes that his story is the equivalent to harassment and thus qualifies as a violation under the Fourteenth Amendment and the CRA. Carter in no way indicates how the facts establish the elements of each cause of action and as to each Defendant.[1] In fact, Carter does not even indicate whether the individual Defendant, Jeanie Williams, is the original bank teller, the supervisor, another Bank of America branch employee, or some other individual relevant to Carter's purported claims of discrimination and harassment. Even construing Carter's Complaint liberally, he has not set forth sufficient facts to state a claim for relief that is plausible on its face. *See id.*

The Court is also forced to playing a guessing game as to Carter's claim(s) under the CRA because Carter fails to cite to a specific section of the CRA. As such, Carter clearly fails to

---

[1] Indeed, it is Plaintiff's duty to allege a cause of action with sufficient factual allegations as to *each* Defendant. The act(s) of each Defendant must be shown to state a claim for relief for each cause of action for which relief may be granted. In essence, each element of each cause of action must be paired with sufficient factual allegations for each Defendant in order to meet the pleading standard. Otherwise, and as the case is here, Plaintiff's Complaint is insufficient.

comply with the pleading standards set forth in Rule 8. *See* Fed. R. Civ. P. 8(a). Even liberally construing Carter's blanket allegations as a violation under the CRA, perhaps under 42 U.S.C. § 2000a for discrimination in a place of public accommodation, Carter failed to plead facts sufficient to state such a claim. For instance, 42 U.S.C. § 2000a provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). Aside from the fact that Carter fails to allege that the Bank of America branch office is indeed a place of public accommodation, Carter also fails to allege which Bank of America branch office purportedly committed the violations, who the individual Defendant is or her relation to the Bank of America and the actions taken with respect to the check, and whether there are other similarly situated Caucasians who were treated better than Carter because of race and not, for instance, because they were account-holders with Bank of America and Carter was not or because they were depositing rather than cashing checks.

Once again, Carter fails to state a claim upon which relief may be granted. Carter has received repeated instruction from this Court regarding the pleading standards and requirements of the Federal Rules of Civil Procedure. Accordingly, given the failure to state a claim and Carter's continued disregard for the Court's directives, the request to proceed *in forma pauperis* should be denied and the Complaint should be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii); *Carroll*, 984 F.2d at 393.

After due consideration, it is hereby

RECOMMENDED:

1. Plaintiff's construed motion to proceed *in forma pauperis* (Dkt. No. 2) be DENIED.

2. Plaintiff's Complaint (Dkt. No. 1) be DISMISSED.

IT IS SO REPORTED in Tampa, Florida, on this 7th day of October, 2013.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

**<u>NOTICE TO PARTIES</u>**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) (*en banc*).

Copies furnished to:

Hon. Virginia M. Covington
Counsel of Record
Plaintiff, *pro se*